IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENNIS GRIEGO,

        Plaintiff,

v.                                                                        No. CV 14-647 SCY

CAROLYN W. COLVIN, *Acting Commissioner of the Social Security Administration*,

        Defendant.

## ORDER

THIS MATTER comes before the Court on Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 29. Plaintiff seeks $6,365.00 in attorney's fees. The Commissioner of the Social Security Administration filed a response (ECF No. 30), and Plaintiff filed a reply (ECF No. 31). Having reviewed the briefing, the record, and the relevant law, the Court grants the motion for EAJA fees in the amount requested.

Attorney's fees are required under the EAJA if "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). In this case, the Commissioner argues only that her position was substantially justified. Her "position" refers to both the Commissioner's position in the federal civil case and the agency's actions at the administrative level. 28 U.S.C. § 2412(d)(2)(D).

The Commissioner bears the burden of showing that her position was substantially justified. *Hackett*, 475 F.3d at 1172. "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* (quotation marks omitted). "[T]he government's position must be 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The government's position can be justified even though it is not correct." *Id.* (quotation omitted). In particular, "[w]hen an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, 125 F. App'x 913, 916 (10th Cir. 2005) (unpublished) (quoting *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987)).

When the agency applies the wrong legal standard, the Commissioner "[cannot] show that [her] position was substantially justified, either in making the initial legal error or in arguing in the ensuing litigation that there was no error." *Chester v. Apfel*, 1 F. App'x 792, 795 (10th Cir. 2001) (unpublished); *see Gatson v. Bowen*, 854 F.2d 379, 380-81 (10th Cir. 1988) (holding that the Commissioner's position could not be substantially justified where the agency applied an outdated legal standard—despite the district court's initial affirmance).

In the present case, this Court concluded that the ALJ erred at step three by failing to explain her reasoning in finding that Plaintiff's foot/ankle position did not meet or medically equal Listing 1.02. ECF No. 27. This Court further concluded that this error was not harmless because the ALJ failed to engage in a sufficient analysis at steps four or five to cover the deficiencies in her analysis at step three. ECF No. 27. In so concluding, the Court rejected Defendant's post-hoc rationalizations of the ALJ's decision. ECF No. 27.  Defendant argues that its position is substantially justified, however, because although the Court agreed with Plaintiff that the ALJ erred in her analysis of whether Plaintiff met Listing 1.02, Defendant's position in

this case was reasonable because the record demonstrated that that Plaintiff could not meet the listing. Defendant contends that Plaintiff's own testimony established that he was able to ambulate effectively.  ECF No. 30 at 3.  Defendant further highlights a finding by a physician that Plaintiff did not meet Listing 1.02.  ECF No. 30 at 3. Defendant argues that without such evidence, Plaintiff could not establish that he met Listing 1.02.

The Court concludes that Defendant's position was not substantially justified.  *See* ECF No. 27 at 6.  Defendant's contention as to why Plaintiff is not entitled to a fee award essentially restates its post-hoc rationalization of why Plaintiff did not meet Listing 1.02.  In previously rejecting those arguments, this Court emphasized that a "court may not rescue a step three error by conducting a post-hoc review of the evidence to supply necessary findings that are missing." *See* ECF No. 27 at 10-11.  "The Tenth Circuit has held that where the Commissioner attempted to cure the ALJ's errors based on reasons that the ALJ did not explicitly cite, the Commissioner's position was not substantially justified and the denial of EAJA fees was improper."  *Hernandez v. Colvin*, No. 14-00143 LAM, Doc. 25 (D.N.M. Aug. 31, 2015) (citing *Hackett v. Barnhart*, 475 F.3d 1166, 1175 (10th Cir. 2007)). Accordingly, where Defendant's position consisted of post-hoc rationalization of the ALJ's error, the Court concludes that Defendant's position cannot be substantially justified.

IT IS THEREFORE ORDERED THAT the motion is GRANTED and Plaintiff is awarded $6,365.00 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). *See Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

4

IT IS FURTHER ORDERED THAT, if Plaintiff's counsel receives attorney's fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
UNITED STATES MAGISTRATE JUDGE