IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENNIS GRIEGO,

      Plaintiff,

v.                                                                            No. CV 14-647 SCY

NANCY A. BERRYHILL, *Acting*
*Commissioner of the Social Security*
*Administration*,

      Defendant.

## **ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). Doc. 34. In the Motion, Plaintiff requests attorney's fees in the amount of $6,944.75. In response, the Social Security Administration represents that because awards under Section 406(b) are paid from the claimant's benefits and not from agency funds, the agency is not an interested party to Plaintiff's Motion and accordingly takes no position on the requested relief. Doc. 35. After reviewing Plaintiff's Motion and being otherwise fully advised in the premises, I conclude that Plaintiff's Motion is well-taken and should be GRANTED.

Plaintiff instituted an action in this Court seeking judicial review of Defendant's denial of his application for Social Security disability benefits. Doc. 1. On January 21, 2016, the Court granted Plaintiff's Motion to Reverse and Remand. Doc. 27. On April 21, 2016, Plaintiff filed an opposed Motion for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. 2412(d). Doc. 29. Following briefing, I granted Plaintiff's Motion and awarded Plaintiff $6,365.00 in attorney's fees. Doc. 33.

On remand, the Social Security Administration found Plaintiff to be disabled and awarded past-due benefits. Doc. 34-1. The Social Security Administration advised Plaintiff that

1

it was withholding $6,944.75 from his past-due benefits to pay for attorney's fees in the event Plaintiff's counsel brought a claim for attorney's fees pursuant to the retainer agreement. Doc. 34-1 at 16. Plaintiff's counsel now seeks authorization from this Court for an award of compensation for legal services in that amount. Doc. 34.

When a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike fees awarded under the Equal Access to Justice Act, pursuant to 28 U.S.C. § 2412 which are paid in addition to past-due benefits, § 406(b) fees are paid out of past-due benefits. *Wrenn ex re. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934. The court may award fees under § 406(b) when "the court remands…a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006).

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding 25% of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 798, 807 (2002). Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable even if they are less than 25% of the past-due benefits because there is no presumption that 25% is reasonable. *Id.* at 807 n. 17. Counsel has the burden of demonstrating the reasonableness of the fees. *Id.* at 807. The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808. Factors relevant to the reasonableness of the fee request

include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id.* The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

In this case, I find that the legal representation by Plaintiff's counsel was more than adequate and that a fully favorable decision was obtained. I further find that Plaintiff's counsel did not delay proceedings before this Court and that the present Motion was filed within a reasonable time after Plaintiff received notice of entitlement to past-due benefits. As for the fee amount, I find the amount requested reasonable under the circumstances. As noted above, Plaintiff is requesting $6,944.75 for 33.5 hours of work. Doc. 34-1 at 20. This computes to approximately $207.00 per hour which is reasonable and consistent with previous awards by this Court and other decisions in this District. *See Martinez v. Colvin*, Civ. No. 14-451, Doc. 39 (D.N.M. Aug. 29, 2017) (awarding $18,007 for approximately 38.55 hours or $463.00); *Dimas v. Astrue*, Civ. No. 03-1157, Doc. 34 (D.N.M. December 18, 2007) (awarding $17,000 for 38.26 hours or $444.23.00 per hour); *Saiz v. Colvin*, Civ. No. 15-305, Doc. 32 (D.N.M. July 21, 2017) (awarding $14,112 for 32.9 hours or approximately $429 per hour).

Based on the foregoing, Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(B) and Supporting Memorandum (Doc. 37) is GRANTED.

_____
UNITED STATES MAGISTRATE JUDGE